928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark DOUGLAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2167.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 W.D.Mich., No. 90-00139; Enslen, J.
 W.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Mark Douglas, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1989, a jury convicted Douglas of one count of conspiracy to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841, 843(b), 846, and one count of travel in interstate commerce to facilitate distribution and possession of cocaine in violation of 21 U.S.C. Secs. 841, 846 and 18 U.S.C. Sec. 1952. He received consecutive sentences totaling 215 months. Following an unsuccessful direct appeal, Douglas filed his Sec. 2255 motion. He asserted that his trial counsel was ineffective. Specifically, he asserted that his trial counsel was ineffective in the way he handled a voice exemplar and in his failure to challenge the venue of Douglas's trial.
 
 
 3
 After a review, the district court denied the Sec. 2255 motion as meritless. Douglas has filed a timely appeal, asserting that the district court erred when it failed to hold an evidentiary hearing on his claims.
 
 
 4
 Upon review, we conclude that the district court properly denied Douglas's Sec. 2255 motion because he failed to establish a denial of a substantive right or defect in the proceedings which would entitled him to Sec. 2255 relief. United States v. Addonizio, 442 U.S. 178, 185 (1979). Moreover, the district court properly declined to hold an evidentiary hearing on Douglas's Sec. 2255 motion, because the files and record conclusively show that he is not entitled to such relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in the district court's opinion filed October 2, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.